# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

### *Alexandria Division*

**TONY STEVEN DANE,**

    *Petitioner,*

**v().                            ACTION NO. 1:21cv854 (AJT/TCB)**

**HAROLD W. CLARKE, DIRECTOR,**
**VIRGINIA DEPARTMENT OF CORRECTIONS,**

    *Respondent.*

### RESPONDENT'S OBJECTION TO PETITIONER'S "MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE AN EVIDENTIARY HEARING"

The respondent, by counsel, moves this Court to deny petitioner's "Motion for Summary Judgment or in the Alternative an Evidentiary Hearing."

1.    The petitioner filed his "Motion for Summary Judgment or in the Alternative an Evidentiary Hearing" and brief in support thereof on October 26, 2021. In his brief in support, the petitioner reiterates the same arguments that he posits in his petition for writ of habeas corpus that he filed on July 22, 2021, to which the respondent filed his reply on September 24, 2021. Also in his brief in, the petitioner references three affidavits he obtained from mechanics named Rob Fisher, George Stilwill and Charles Butler. (Brief in Support of Motion for Summary Judgment at 17-23). The petitioner filed those affidavits with this Court on October 27, 2021 (*See* ECF No. 25); they were not filed with his petition

for habeas corpus, and the dates reflected on each affidavit indicate they were obtained after his petition was filed – on October 14, 2021.

2. Rule 56(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Through his Motion for Summary Judgment, the petitioner is not arguing that there is no dispute but rather to have the court resolve an acknowledged dispute in his favor. There is a "genuine dispute" as to whether his counsel was ineffective as the petitioner claims, or not as the respondent articulates.

3. At the threshold, petitioner's motion is premature, as the respondent's dispositive motion to dismiss remains pending. If this Court ultimately grants the motion to dismiss on the record, any argument over discovery necessarily will be moot.

4. As it relates specifically to the affidavits submitted by the petitioner, petitioner has not sought consent or leave to amend his petition to add such additional allegations. The new affidavits were filed more than 21 days after respondent filed his motion to dismiss. After that time, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15 (a)(1)(B).

5. In addition, 28 U.S.C. § 2254 also prohibits his attempt to offer such affidavits. Section 2254 specifically requires that a petitioner have exhausted all claims which he presents to this Court to have been presented to the State court

first, including the factual basis for those claims. 28 U.S.C. § 2254(d) and (e)(2). The only exception provided by § 2254(e)(2) allowing additional factual basis not made in State court is (1) "if a new rule for constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or" (2) a factual predicate that could not have been previously discovered through the exercise of due diligence. The petitioner fails to satisfy either of these prerequisites.

6. In his current federal petition, the petitioner alleges each of the same claims that he alleged in state court but fails to demonstrate that he could not have produced the same evidence to support his claims in state court. He identifies no authority that would allow him to submit the affidavits only now, after the respondent has fully answered his federal habeas petition.

7. Finally, petitioner's alternate motion for an evidentiary hearing is premature, as the respondent's dispositive motion to dismiss remains pending. If this Court ultimately grants the motion to dismiss on the record, any argument over an evidentiary hearing will be moot.

WHEREFORE, the respondent prays the "Motion for Summary Judgment or in the Alternative an Evidentiary Hearing" will be denied.

Respectfully submitted,

HAROLD W. CLARKE, DIRECTOR,
VIRGINIA DEPARTMENT OF CORRECTIONS

By: /s/_____
        Counsel

Sharon M. Carr
VSB No. 81832
Assistant Attorney General
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 692-0170
(804) 371-0151 (fax)
scarr@oag.state.va.us
oagcriminallitigation.oag.state.va.us

**CERTIFICATE OF SERVICE**

On November 9, 2021, I electronically filed this Respondent's Objection to Petitioner's "Motion for Summary Judgment or in the Alternative an Evidentiary Hearing", using the CM/ECF system and I hereby certify that on November 10, 2021, I will mail the same document to the following CM/ECF non-participant: *pro se* petitioner, Tony Steven Dane, No. 1930791, Haynesville Correctional Center, 421 Barnfield Road, Haynesville, VA  22472.

/s/_____
Sharon M. Carr
Assistant Attorney General