IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



TONY STEVEN DANE
    Petitioner,

v.                                ACTION NO. 1:21cv854 (AJT/TCB)

HAROLD W. CLARKE, DIRECTOR,
VIRGINIA DEPARTMENT OF CORRECTIONS,
    Respondent.

## PETITIONER'S RESPONCE TO RESPONDENT'S OBJECTION TO PETITIONER'S MOTION FOR SUMMARY JUDGEMENT AND FOR EVIDENTIARY HEARING

    COMES NOW, **Tony Dane**, Petitioner in proper person, responding to Respondent's Objection to Petitioner's Motion for Summary Judgement or in the Alternative for Evidentiary Hearing.

    1. Respondent argues in their motion that the court has not yet ruled on their "Motion to Dismiss". Although this is correct, Respondent's motion lacks merit, as outlined in Petitioners "Brief in Support of Motion for Summary Judgement or in the Alternative an Evidentiary Hearing".

    2. Respondent points out possible errors Petitioner may have made, but Petitioner points out, he had no access to any legal research, sent all documents out to be typed, because he had no access to a typewriter, until just recent, and still doesn't have access to any legal research due to the fact Lexus Nexus doesn't work. Furthermore, the institution, now wants to charge high fees for printing out case law, but refuses to research any law.

    3. Respondent is attempting to hold Petitioner to the same standard as trained cousel, without the resources of trained counsel. Courts have ruled "... when reviewing the sufficiency of pro se habeas petitions the standard is less stringent than when it is

drafted by trained legal counsel, consequently "not only are the allegations of such petitions to be construed more liberally *** but unincluded allegations of 'apparent' facts may be treated as part of the complaint for the purpose of determining whether an issue should be remanded for futher reinvestigaion. <u>Williams v. Lockhart</u>, 849 F.2d 1134 (8th Cir 1988) quoting <u>Williams v. Griswald</u>, 743 F.3d 1533,1542 (11th Cir. 1984)

  4. Respondents Motion to Dismiss and their opposition is both misleading and inaccurate. The claims laid out is in opposition to known facts in this case. The representation of the Virginia Attorney General's Office is not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligaion to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. <u>Berger v. United States</u> 295 U.S. 78, 88, 79 L.Ed 1314, 55 S.Ct. 629 (1935)

  5. Respondent argues Rule 56(a) of the Federal Rules of Civil Procedures and states; "There is a 'genuine dispute' as to whether his (Dane's) counsel was ineffective... Whether counsel was ineffective is a conclusion based on facts, left for this court to decide. The court is interested in facts not conclusions. <u>Razo v. Thomas</u>, 700 F.Supp.2d 1252 (D. Hawaii 2010) However undisputed facts are present to show ineffective assistance of counsel. Rule 5(b) states Respondent must answer all claims in their Response. Statements made by Petitioner, not disputed in the Response are held to be true. <u>Bland v. California Dept. of Corrections</u>, 20 F3d (9th Cir 1994). Below are facts not in dispute.

Seatbelts:   It is undisputed that Petitioner's Food Truck was not equipted with passanger seatbelts.  It is also undisputed that passanger seatbelts are not required in a vehicle of that size.  Trial Transcripts show that the prosecution stated "lack of passanger seatbelts is criminal negligence".  It is futher undisputed that trial counsel never argued the fact that passanger seatbelts were not required and therefore not negligence of any kind.  The conclusion for this court to reach is whether or not trial counsel's lack of knowlege of the law is ineffective assistance of counsel.

FoodTruck Weight Distribution:  It is undisputed that the left side of the food truck weighs more than the right.  It is also undisputed that this is an industry standard, and all food trucks are heavier on the left side.  Trial Transcripts show the prosecution stated this is "Criminal Negligence" It is undisputed that trial counsel did not know the industry standards of a food truck, and therefore allowed the prosecution to allow this false claim.  Here we once again have no negligence at all.  The conclusion for this court to reach is whether or not trial counsel's lack of knowlege of industry standards is ineffective assistance of counsel.

Power Steering Fluid:  It is undisputed that prosecution witness Petrakos measured the Power Steering Fluid below the line on the dipstick.  It is also undisputed that days later, prosecution witness Russell measured the power steering fluid and the reservoir was empty.  It is also undisputed that prosecution made claims that Petitioner Dane was driving without power

steering fluid, and his steering was impaired. However
evidence existed at the time of trial that this was not the
case. 1. Trial transcripts show Dane swerved around a school
bus. (undisputed fact) 2. Yawl marks were made just prior to
the accident showing the wheels were turned all the way to
the right. (undisputed fact) 3. The amount of power steering
fluid between the time Petrakos measured and Russell showed
different amounts. (undisputed fact). The conclusion based
on all logic is that the accident caused a leak, and steering wasn't effected. Based on
the evidence presented at trial counsel argued that it did
not matter instead of arguing the evidence favorable to
his client. The conclusion for this court to make is whether
or not trial counsel understood the evidence, and was trial
counsel ineffective for not knowing the evidence.

No Adversarial Testing: It is undisputed that trial counsel
did not adversarially test any of the evidence in this case.
Trial counsel's own affidvit admits he only met with and
consulted Petrakos and Russell who were prosecution witnesses.
Trial counsel accepted all conclusions made by Petrakos and
Russell without acception. Trial Counsel has a duty to make
reasonable investigations or to make a reasonalbe decision
that make particular investigations unnecessary. Strickland
v. Washington, 466 U.S. 668, 80 L.E.d2d 674, 104 S.Ct. 2052,
2066 (1984) The right to the effective assistance of counsel
is thus the right of the accused to require the prosecution's
case to survive the crucible of meaningful adversarial testing.
U.S. v. Cronic, 466 U.S. 648, 80 L.Ed2d 657, 104 S.Ct. 2039,
2045 (1984) This court must decide whether trial counsel was

reasonable by ✦not knowing the law, not knowing industry standards, not understanding the facts, and not conducting any type of adversarial testing, was reasonable in the defence of the petitioner.

5. Based on the undisputed facts, a Motion for Summary Judgement is apprpreate.

6. Respondent implies that the 3 affidavits submitted amends my petition, Not so, these affidavits refutes the testimony of Deputy Russell and Petrakos, and confirms alligations in the writ Futhermore, Petitioner exercised due dilligence in getting these affidavits for this courts review. There are no new alligations as Respondent wants to mislead this court to beleive. Respondent states that these affidavits were submitted past the 21 days and therefore should be rejected. Respondent fails to remind the court that Petitioner filed a Motion to Extend, which this court has yet to rule on. Respondent quotes Fed. R. Civ. P. 15 (a)(1)(B) which does not apply as this is not an ammendment, 28 U.S.C. §2254(d) and (e)(2) also do not apply. The affidavits clearly shows that Prosecution witnesses Petrakos and Russell, were not qualified to testify in all areas with the exception of checking the power steering fluid. As safty inspectors, their jobs falls under pre-collission not post-collision.

7. Dane, being incarcerated and without funds tried since the time of his conviction to find a qualified mechanic to read his trial transcripts and sign an affidavit on his findings. Only after friends came forward and agreed to find and fund this endevor were the affidavits made. The outcome, was not only one affidavit from a qualified mechanic, but three. All three

Page 5

Mechanics working independently of each other reached the same conclusion, the testimony of both Petrakos and Russell was false. The Supreme Court has ruled "While confined to prison , the petitioner is in no position to develop the evidentiary basis for a claim of ineffective assistance, which often turns on evidence outside the trial court. <u>Martinez v. Ryan</u>, 566 U.S. ___ (2012)

8. A petitioner is "entitled to equitable tolling" only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" and prevented timely filing. <u>Holland v. Florida</u>, 130 S.Ct. 2549, 560 U.S. 631 (2010) quoting <u>Pace,</u> 544 U.S. at 418, 125 S.Ct. 1807

9. Extraordinary circumstances existed for your Petitioner. Not only is he incarcerated, which makes it extremely difficult to find a mechanic to review transcripts and write an affidavit based on their expertise, but Petitioner lacked the funds to pay an expert if he was able to find one. The institution only allows 15 phone numbers to be added to an inmates call list. To be put on this call list, a person would have to agree to be called, making it impossible for Dane to shop for an expert. The circumstances changed with friends of the petitioner agreed to find an expert willing to examine the transcripts and testify by affidavit. The results were three independant experts came forward, and their findings were all simular.

10. The findings of three experts in now way amends Petitioners Writ of Habeas Corpus, but substanciates the claims made. Furthermore, these affidavits refute the testimony of the State Experts which back up the claim made in the writ, that both Petrakos and

Russell testified far outside their areas of expertice.

11. Responden'ts objection to Petitioner's "Motion for Summary Judgement or in the Alternative and Evidentiary Hearing" is without merit, and makes claims that are not supported by the facts or Laws. The claim that there is "is genuine dispute as to any material facts" is false as outline in this document. The claim that the affidavits of Rob Fisher, George Stilwill and Charles Butler is an amendment to the Writ of Habeas Corpus is false, as it only backs up the claims made and refutes the testimony of Petrakos and Russell.

WHEREFORE, the petitioner prays the "Motion for Summary Judgement or in teh Alternative and Evidentiary Hearing" will be granted.

Respectfully submitted,

Tony S. Dane
Petitioner Pro se